UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

MICHIGAN BELL TELEPHONE COMPANY d/b/a
AT&T MICHIGAN,

        Plaintiff,

v.

J. PETER LARK, LAURA CHAPPELLE, and
MONICA MARTINEZ, in their official capacities as
commissioners of the Michigan Public Service
Commission,

        Defendants,

and

COVAD COMMUNICATIONS CO., McLEOD USA
TELECOMMUNICATIONS SERVICES, INC.,
TALK AMERICA, INC., TDS METROCOM, L.L.C.,
and XO COMMUNICATIONS SERVICES, INC.

        Defendant-Intervenors.

Case number 06-11982

Honorable Julian Abele Cook, Jr.

ORDER

This case involves an appeal by the Plaintiff, Michigan Bell Telephone Company, doing business as AT&T Michigan ("AT&T"), from an opinion and order that had been issued on September 20, 2005, by the Defendants, J. Peter Lark, Laura Chappelle, and Monica Martinez, in their capacities as commissioners of the Michigan Public Service Commission ("MPSC"). The

1

Court subsequently granted five telecommunications companies[1] leave to intervene as of right as Defendants in this matter. Dispositive motions followed, in that (1) AT&T filed a motion for summary judgment in which it raised five separate arguments with respect to the challenged MPSC order, and (2) the Defendant-Intervenors jointly filed a cross-motion for summary judgment.[2] The Court granted a summary judgment in favor of AT&T regarding three of its arguments and in favor of the Defendant-Intervenors relating to the remaining two contentions. *Mich. Bell Tel. Co. v. Lark*, No. 06-11982, 2007 WL 2868633 (E.D. Mich. Sept. 26, 2007). The Defendant-Intervenors appealed this order to the Sixth Circuit with respect to only one of the five issues. The Sixth Circuit affirmed. *Mich. Bell Tel. Co. v. Covad Commc'ns, Inc.*, 597 F.3d 370 (6th Cir. 2010). The Supreme Court subsequently granted the Defendant-Intervenors' writ of certiorari, and reversed the decision by the Sixth Circuit. *Talk Am., Inc. v. Mich. Bell. Tel. Co.*, 131 S. Ct. 2254 (2011). In response to this decision by the Supreme Court, the Sixth Circuit (1) reversed the prior judgment by this Court, and (2) remanded the matter to this Court for the entry of an order which would be consistent with the directive by the Supreme Court. *Mich. Bell. Tel. Co. v. Covad Commc'ns, Inc.*, 674 F.3d 598 (6th Cir. 2012).

The issues that have been raised in this case have been exhaustively detailed in the earlier decisions by this Court, the Sixth Circuit, and the Supreme Court, and will not be repeated here. As relevant for present purposes, the Court, in its 2007 order, opined that the MPSC had erred when

---

[1] These companies were Covad Communications Co., McLeod USA Telecommunications Services, Inc., Talk America, Inc., TDS Metrocom, L.L.C., and XO Communications Services, Inc.

[2] The MPSC Defendants did not file a dispositive motion of their own, but did submit a response in opposition to AT&T's dispositive motion.

it determined that AT&T was required to provide entrance facilities to its competitors at cost-based rates. The Defendant-Intervenors appealed this determination.

During the pendency of the appeal, the Sixth Circuit sought the opinion of the Federal Communications Commission ("FCC"), which, through a subsequently filed amicus brief, stated that the MPSC order conformed with its interpretation of the relevant statutes and regulations. However, the majority of the Sixth Circuit panel disagreed with this viewpoint, finding its interpretation to be inconsistent with the plain language of an earlier FCC order. Thus, the Sixth Circuit held - as did this Court - that AT&T could provide access to entrance facilities at market rather than cost-based rates. In contrast, the dissent argued that, pointing to *Auer v. Robbins*, 519 U.S. 452, 461 (1997), the court was required to give deference to the FCC's interpretation as expressed in its amicus brief.

The Supreme Court concurred with the dissent's analysis, and held that, even though the FCC's evaluation of the relevant regulations was "a novel interpretation," 131 S. Ct. at 2263, it had provided a reasonable interpretation of the regulations to which the Court was required to grant deference. Thus, the Supreme Court held that AT&T must lease its existing entrance facilities, when used for the purpose of interconnection, at cost-based rather than market rates to competitive local exchange carriers.

Acting in accordance with the directives by the Sixth Circuit, the Court grants the Defendant-Intervenors' cross-motion for the entry of a summary judgment as to whether the MPSC order properly required AT&T to make entrance facilities available to competitive local exchange carriers at cost-based rates when they are used for interconnection purposes. All other aspects of the 2007 order by this Court remain unchanged.

IT IS SO ORDERED.

Date: May 8, 2012  s/Julian Abele Cook, Jr.  
JULIAN ABELE COOK, JR.  
U.S. District Court Judge

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing Order was served upon counsel of record via the Court's ECF System to their respective email addresses or First Class U.S. mail to the non-ECF participants on May 8, 2012.

s/ Kay Doaks  
Case Manager